[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS #101
The plaintiff, Danella Rental System, brings this action against the defendant, Housatonic Railroad Company, Inc., to recover damages for the repair of a vehicle leased by the plaintiff to the defendant pursuant to an oral bailment.
The defendant moves to dismiss the plaintiff's complaint on the grounds that it was not properly served. The sheriff caused the defendant to be served by leaving the writ, summons, and complaint with an individual, Alan B. Blieman, who, the defendant claims, is not in anyway connected or affiliated with the defendant corporation. The defendant has submitted memoranda of law, affidavits and various exhibits in support of its motion. The plaintiff has submitted a memorandum of law and an affidavit in opposition to the motion to dismiss.
A motion to dismiss is the proper vehicle by which to contest lack of jurisdiction over the person and insufficiency of process. Conn. Practice Book 143(2)(4). "Any defendant wishing to contest the courts' jurisdiction may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance."
The general rule, putting the burden of proof on the defendant as to jurisdictional issues raised, is based on the presumption of truth in the officers' return. Standard Tallow Corporation v. Jowdy, 190 Conn. 48,53 (1983). Nevertheless, the plaintiff ordinarily bears the burden of establishing an adequate factual basis for personal jurisdiction over a defendant. United States Trust Co. v. Bohart, 197 Conn. 34, 39 (1985).
The defendant, in support of the motion to dismiss, argues that because service of process was improperly made, the court lacks jurisdiction over it. Section 52-57 (c) of the General Statutes provides for service of process on domestic corporations. This section provides in relevant part that:
 In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller, CT Page 6381 or the assistant teller, or its general or managing agent or manager or upon any direct resident in this state, or the person in charge of the business of the corporation, or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. . . .
Section 33-297 of the General Statutes provides for service of process on a corporation's statutory agent for service. This section provides in relevant part that:
 (a) Any process, notice or demand in connection with any action or proceeding required or permitted by law to be served upon a corporation which is subject to the provisions of section 33-296, may be served upon the corporations' statutory agent for service by any proper officer or other person lawfully empowered to make service. (emphasis added)
Section 33-296 of the General Statutes provides in relevant part that;
 (a) Each corporation except banks, . . .and public service companies as defined in section 16-1, shall have and maintain a statutory agent for service in this state as provided in this section. . . .
 (b) A corporation's statutory agent for service shall be appointed by filing with the secretary of state a written appointment in such form as he shall presently be setting forth: (1) the name of the corporation; (2) the name of the statutory agent for service. . . .
The defendant, in support of the motion to dismiss, argues that it is a public service company and is specifically exempt by the provisions of section 33-296 (a) from the requirement of the appointment and maintenance of a statutory agent for service.
Section 16-1 (4) of the General Statutes defines a public service company to include electric, gas, telephone, telegraph, pipeline, sewage, water and community antenna television companies, owning, leasing, maintaining, operating, managing or controlling plants or parts of plants or equipment, and all express companies having special privileges on railroads within this state, but shall not include telegraph company functions concerning intrastate money order service, towns, cities, boroughs, any municipal corporation or department thereof, whether separately incorporated or not, or a private power producer, as defined in section 16-243b; (emphasis added) The issue of whether the defendant is a public service corporation cannot be decided by the evidence before the court. Assuming however, that the defendant is required to maintain a statutory agent for service, section 33-296 (b) requires the agent to be appointed by filing a written appointment with the secretary of state. CT Page 6382
In the affidavit of John R. Hanlon, Jr., dated March 19, 1991, Hanlon states that the "Housatonic Railroad Company, Inc. is a Connecticut corporation specially chartered by the general assembly of the State of Connecticut" with a principal place of business in the Town of North Canaan, Connecticut. In addition, Hanlon states that "Alan B. Blieman is not an agent or employee of Housatonic Railroad Company, Inc. and has not been an agent or employee or had any connection with Housatonic Railroad Company, since a date prior to January 1, 1988."
The plaintiff in opposition to the motion to dismiss has submitted the affidavit of Deputy Sheriff Kenneth Liggio, dated April 10, 1991. This affidavit states, inter alia, that "on or about February 7, 1991, I was asked to serve legal process on Housatonic Railroad Company, Inc., a Connecticut corporation." Liggio further states, "I made inquiry at the Secretary of State's office and learned that the Defendant is a public utility corporation regulated by the Department of Transportation. Thereafter, I contacted the Department of Transportation and made inquiry as to the existence and identity of an agent of the corporation. I was told by Louise Lent of the Department of Transportation, Railroad Division, that there was an agent for service of process listed by the Defendant and that his name and address was Alan B. Blieman, 52 Unquowa Place, Fairfield, Connecticut."
In response to the aforementioned affidavit, the defendant has submitted the affidavit of Warren Tingley, Chief Deputy Sheriff for the County of Fairfield. Tingley's affidavit states "At the request of the plaintiff's attorney, I served a writ, summons and complaint regarding the above-mentioned action upon Alan B. Blieman, Esquire on February 25, 1991. At the time of service Alan B. Blieman informed me that he did not believe he was or still was the statutory agent of service for Housatonic Railroad Company, Inc. As I have done in the past, and is customary, I asked Mr. Blieman, if he could produce a diploma from the Office of the Secretary of State for the State of Connecticut, and he could not. Therefore, as is my practice, I advised Mr. Blieman that I would therefore serve the writ, summons and complaint upon him." (emphasis added).
Moreover, the defendant has submitted a letter to an attorney in the Secretary of State's Office. This letter and the corporation record returned by the attorney indicate that the Office of the Secretary of State has no record of a statutory agent for service for the defendant corporation. Accordingly, the defendants' motion to dismiss the plaintiff's complaint is granted.
SUSCO, J.